

THE ATTORNEY GENERAL

OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXXX~~RID
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Julian E. Weisler
County Attorney
Washington County
Brenham, Texas

Dear Sir:                          Opinion Number O-1292

Re: Disposition of levee
    improvement bonds·after
    some have been paid and
    cancelled.

     We have your letter requesting our opinion as to
the disposition of bonds of Washington County Improvement
District Number One which have been paid and cancelled by
the County Treasurer of Washington County.

     The facts underlying your question are that in
January of 1911, Washington County Improvement District
Number One issued $57,000 in bonds, maturing from 1914 to
1951, inclusive, for the purpose of constructing levees in
the southeastern portion of the county, and that the County
Treasurer having paid all of such bonds now declines to
deliver same to the governing board of the District in
compliance with their request to surrender same for de-
struction.

     Washington County Improvement District Number One
was established pursuant to Chapter 2, Title 83, of the
Revised Civil Statutes, 1911, Articles 5530 to 5584, Article
5555 thereof states, in part:

     "And said Commissioners' Court shall provide
for a sinking fund for the payment of bonds issued
by such district, and which shall be set forth in
a well bound book; and said book shall at all times
be open to the inspection of all parties interested
in said district, etiher as taxpayers or bondholders;
and upon the payment of any bonds an entry thereof
shall be made in said book. The county clerk shall
receive for his services in recording all bonds
and other instruments of the Improvement District
the same fees as provided for other like records."

Article 5564 provides that:

"It shall be the duty of the County Treasurer
to open an account with the Improvement District
and to keep an accurate account of all moneys
paid out by him. He shall pay out no money ex-
cept upon a voucher signed by two of the Improve-
ment Commissioners and countersigned by the
County Judge; and as often as required by said
Improvement Commissioners or the Commissioners'
Court, he shall render a correct account to them
on all matters pertaining to the financial con-
dition of such district."

In the opinion of this department the County Treas-
urer acts as the ex officio treasurer of said district and,
as such, was required to receive all moneys paid to the
district and to disburse such moneys upon proper order
signed by two commissioners of the district and counter-
signed by the County Judge. The other requirement being
that he should keep an accurate record of all moneys re-
ceived for the district and all moneys paid out for the
district. It follows that the law contemplated the re-
cords, provided to be kept by him and which he is directed
to preserve, would be sufficient to relieve him of any
further responsibility as to receipts and disbursements of
funds for such district. Accordingly, when bonds have been
paid and subsequently concalled or perforated, we think
the bonds should be delivered to the governing board of the
Improvement District to be disposed of in such manner as
is deemed best.

We find no law requiring the destruction of "paid
and cancelled bonds." However, as a precaution, it seems
advisable to destroy such bonds, and that if records have
been accurately kept plainly showing that all outstanding
bonds had finally been paid and cancelled, such records
would be sufficient to prove the final discharge of all
such obligations.

It occurs to us that under Article 5555 it was
intended that the County Clerk should be the custodian of
the bonds and that the County Treasurer was required only
to receive and pay moneys of the district pursuant to
orders by the proper officials, but in either event we are
of the opinion that the bonds should be delivered to the

governing board of the district for destruction, taking their receipt therefor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Clarence E. Crowe

By
Clarence E. Crowe
Assistant

CEC-s/cg

APPROVED NOV. 8, 1939

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman